**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
:
Garnish and Gather, LLC, :
:
: Civil Action No. 1:19-cv-10404-JSR
Plaintiff, :
:
vs. :
:
Target Corporation and Target Brands, Inc., :
:
Defendants. :
:
:
------------------------------------------------------------X

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Target Corporation ("TC") and Target Brands, Inc. ("TBI") (together, "Defendants"), for their Answer to the November 8, 2019 Complaint of Plaintiff Garnish and Gather, LLC ("Garnish" or "Plaintiff"), state as follows:

## **INTRODUCTION**

1. Denied, except Defendants admit that Plaintiff sent a letter dated August 29, 2019 which included certain allegations of potential trademark infringement.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Denied.

4. Denied, except Defendants admit that consumers can purchase products over the internet for delivery, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations related by third party news outlets in Paragraph 4 of the Complaint.

5. Denied.

1

## NATURE OF ACTION

6. Answering Paragraph 6 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

## THE PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Denied, except Defendants admit that TC is a corporation with retail stores in all fifty states and with headquarters in Minneapolis, Minnesota.

9. Denied, except Defendants admit that TBI is a corporation with headquarters in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

10. Answering Paragraph 10 of the Complaint, Defendants admit that this court has subject matter jurisdiction.

11. Denied, except Defendants admit that TC has retail stores in all fifty states.

12. Denied.

## FACTUAL BACKGROUND

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Denied, except Defendants admit that the website in question (https://corporate.target.com/article/2019/08/good-gather) is dated August 19, 2019.

23. Denied, except Defendants admit that GOOD & GATHER products were offered for sale on the launch date September 15, 2019.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Denied, except Defendants admit that TBI has filed applications to register trademarks associated with the identified serial numbers, and such applications speak for themselves.

27. Denied, except Defendants admit that TBI has filed an application to register a trademark associated with the identified serial number, and such application speaks for itself.

28. Denied, except Defendants admit that TC offers delivery.

29. Denied, except Defendants admit that TC offers delivery throughout the United States.

30. Denied, except Defendants admit that TC offers delivery throughout the United States.

31. Denied.

32. Denied.

33. Denied, except Defendants admit that TC promotes the GOOD & GATHER brand with videos, including videos on its website, and the videos speak for themselves.

34. Denied, except Defendants admit that TC offers same day delivery of certain products in certain markets.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## FIRST CAUSE OF ACTION

40. Answering Paragraph 40 of the Complaint, Defendants incorporate by reference the preceding paragraphs as though fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## SECOND CAUSE OF ACTION

50. Answering Paragraph 50 of the Complaint, Defendants incorporate by reference the preceding paragraphs as though fully set forth herein.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## THIRD CAUSE OF ACTION

58. Answering Paragraph 58 of the Complaint, Defendants incorporate by reference the preceding paragraphs as though fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## **FOURTH CAUSE OF ACTION**

66. Answering Paragraph 66 of the Complaint, Defendants incorporate by reference the preceding paragraphs as though fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## **FIFTH CAUSE OF ACTION**

75. Answering Paragraph 75 of the Complaint, Defendants incorporate by reference the preceding paragraphs as though fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## PRAYER FOR RELIEF

Defendants deny each allegation in the Prayer for Relief and deny that Plaintiff is entitled to any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, acquiescence, estoppel, and/or laches.

### Third Affirmative Defense

The Complaint should be dismissed for lack of personal jurisdiction over Defendants.

**WHEREFORE**, Defendants respectfully request that the Court enter a judgment:

(a) Dismissing the Complaint in its entirety and with prejudice; and

(b) Awarding Defendants their costs of the suit herein;

(c) Awarding Defendants such attorneys' fees and expenses as may be allowed by applicable law; and

(d) Awarding Defendants such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR A JURY TRIAL**

Defendants Target Corporation and Target Brands, Inc. hereby demand a trial by jury.

Dated: New York, New York
December 9, 2019

|  |  |
|---|---|
|  | By: *s/*Lita Beth Wright |
|  | Lita Beth Wright |
| James R. Steffen (admitted *pro hac vice*) |  |
| Peter M. Routhier (admitted *pro hac vice*) |  |
| **FAEGRE BAKER DANIELS LLP** | **AMINI LLC** |
| 2200 Wells Fargo Center | 116 West 23rd Street |
| 90 South Seventh Street | Suite 500 |
| Minneapolis, MN 55402 | New York, NY 10011 |
| Telephone: (612) 766-7000 | Telephone: (212) 490-4700 |
| Fax: (612) 766-1600 | Fax: (212) 490-4208 |
| Email: Peter.Routhier@FaegreBD.com | lbwright@aminillc.com |
| *Counsel for Defendants Target Corporation and Target Brands, Inc.* | *Counsel for Defendants Target Corporation and Target Brands, Inc.* |