USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARNISH & GATHER, LLC,

        Plaintiff,

-against-

TARGET CORPORATION, and
TARGET BRANDS, INC.

        Defendants.

19-cv-10404 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On November 11, 2019, defendants Target Corporation and Target Brands, Inc. (collectively "Target"), moved to transfer venue from this Court to the District of Minnesota. ECF No. 19. Plaintiff Garnish and Gather, LLC ("G&G"), opposes this motion. Pls. Mem. in Opp. To Defs. Mot. to Transfer Venue to D. Minn, ECF No. For the reasons below, the Court denies the motion to transfer venue.

I. Background

G&G is a small Georgia-based company that sells and delivers organic fresh fruits and vegetables and organic ready-made foods. Although G&G currently does no business in New York, it claims that its business plan includes expansion into the New York metro area. Target is a multinational retailer that is incorporated and has its primary place of business in Minnesota.

1

It operates a number of stores in the New York City metro area. G&G is suing Target for trademark infringement and dilution under federal law, as well as fraud and deceptive trade practices under Georgia law. Compl. ¶¶ 40-80, ECF No. 9. G&G claims, inter alia, that Target willfully infringed a number of G&G's protected marks when it began offering a new line of organic products called "Good & Gather."

II. Legal Standard

A district court may transfer a civil action to another district "where it might have been brought," for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Thus, a motion to transfer venue requires a two-step inquiry: the court must determine, first, "whether the action sought to be transferred is one that 'might have been brought' in the transferee court," and, second, whether transfer is appropriate in light of the "convenience of parties and witnesses" and the "interest of justice." Berman v. Informix Corp., 30 F.Supp.2d 653, 656 (S.D.N.Y.1998).

Here, the parties do not dispute that the action could have been brought in the District of Minnesota. Thus, the Court must consider whether the requested transfer is in the interest of justice and convenience of the parties and witnesses. In assessing whether this is the case, courts in this circuit consider the following nine factors:

2

(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc., No. 14-CV-7263 (JSR), 2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014). "In assessing these factors, a moving party has the burden to make a 'clear and convincing' showing that transfer is warranted." Id.

III. Legal Analysis

"A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant." In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998). Target has failed to meet its burden of making a "clear and convincing" showing that transfer is warranted because it has demonstrated that, at most, the balance weighs slightly, not "strongly" in favor of transfer.

3

Target has demonstrated that three factors weigh in favor of transfer. First, the parties appear to agree that the majority of witnesses likely to testify at trial are located in the District of Minnesota. Second, although this factor is less relevant in the age of digital discovery, the relevant documents are located in Minnesota. Third, the locus of the operative facts appears to be in Minnesota. G&G's trademark infringement claims rely heavily on allegations that Target's headquarters employees made an intentional decision to copy and defraud G&G. Even if G&G's claims did not center on willful infringement, New York would not be the locus of operative facts. Although Target sells its allegedly infringing products in New York, G&G sells no products in New York, meaning that any possible consumer confusion would not be directly occurring in New York.

However, the plaintiff has also demonstrated that some factors weigh against transfer. For example, the relative means of the parties disfavors transfer. Target is a very well-resourced, multinational corporation able to bear the burden of litigation in a different state. G&G, by contrast, is a much smaller business with fewer means.

The convenience of the parties also mildly disfavors transfer. The owner of G&G claims that New York is a more convenient forum than Minnesota because she has family in New York, making it

easier to secure accommodations.[1] While New York may be a less convenient venue for Target, Courts will not grant a transfer of venue where it would "merely shift the inconvenience from one party to the other." Williams v. Frank Martz Coach Co., No. 13-CV-1860 MKB, 2014 WL 2002853, at *6 (E.D.N.Y. May 14, 2014). Target protests that because G&G has already chosen to bring its suit away from home, it would not impose any greater inconvenience on plaintiff to litigate in Minnesota. It does not follow, however, that because a plaintiff chooses to litigate away from home that one foreign forum cannot be more convenient than another.

Further, the weight accorded to the plaintiff's choice of forum disfavors transfer. Although the court typically accords "significant" weight to this factor, "the plaintiff's choice of forum receives less deference when that forum is not the plaintiff's home district" and "where the operative facts have no connection to the chosen district." Joyner v. Cont'l Cas. Co., No. 11 CIV. 6005 JSR, 2012 WL 92290, at *2 (S.D.N.Y. Jan. 9, 2012). Here, New York is not the plaintiff's home district, and the operative facts have little connection to the chosen

---

[1] Although G&G also places great emphasis on the fact that her counsel resides in New York, "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." In Vivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000).

5

district. But plaintiff's choice is still accorded some deference, and weighs, even if mildly, against transfer.

The final factor -- and one that weighs heavily against transfer -- is trial efficiency. This Court has already set a schedule that would have this case fully ready for trial by April 21, 2020. A transfer to Minnesota would almost certainly delay the prompt resolution of this matter.

For the foregoing reasons, Target has failed to demonstrate by "clear and convincing" evidence that the balance weighs "strongly in favor of" transfer. In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d at 405. Accordingly, the Court denies Target's motion to transfer venue.

SO ORDERED.

Dated: New York, NY

December 9, 2019

JED S. RAKOFF, U.S.D.J.

6